## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| PERFECTLY PRISCILLA, LLC, | : | Chapter 11 Case No. 23-70575-JTL |
| | : | |
| Debtor. | : | |
| | : | |

### MOTION FOR ORDER AUTHORIZING PAYMENT OF WAGES, SALARIES, PAYMENT OF RELATED TAXES AND WITHHOLDINGS

COMES NOW Perfectly Priscilla, LLC, Debtor and Debtor-in-Possession, and files this *Motion for Order Authorizing Payment of Wages, Salaries, and Payment of Related Taxes and Withholdings* (the "**Motion**") and, in support thereof, respectfully shows this Court as follows:

1. Debtor filed its voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") on June 9, 2023 (the "**Petition Date**").

2. Debtor is operating its business as Debtor-in-Possession pursuant to Section 1182(2) of the Bankruptcy Code.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4. Currently, Debtor employs 9 employees. Debtor pays its employees in arrears using funds generated from its operations.

5. The outstanding prepetition wages constitute priority claims pursuant to Section 507(a)(4) of the Bankruptcy Code.

6. "Congress's [purpose in enacting § 507(a)[(4)]] has constantly been to enable employees displaced by bankruptcy to secure, with some promptness, the money directly due to them in back wages, and thus to alleviate in some degree the hardship that unemployment usually brings to workers and their families." *In re Hutchison*, 223 B.R. 586, 587 (Bankr. M.D. Fla. 1998)

(citing *U.S. v. Embassy Restaurant, Inc.*, 359 U.S. 29, 32 (1959)) (primary alteration in original; code subsection cite updated to reflect 2005 amendment).

7. Additionally, because prepetition wage claims are subject to fourth priority as provided in Section 507(a)(4) of the Bankruptcy Code, they will almost always be paid except in the most dire circumstances. *See In re Braniff, Inc.*, 218 B.R. 628, 633 (Bankr. M.D. Fla. 1998).

8. Debtor filed this Chapter 11 case in order to reorganize the Debtor's business to maximize value for its estate and creditors.

9. The primary business of the Debtor is operating an online clothing boutique for women. Debtor also operates a small storefront in downtown Valdosta.

10. One of the keys to Debtor's post-petition operations and its goal of successfully reorganizing its retail business is to maintain its current employees.

11. The majority of Debtor's employees work in Debtor's distribution warehouse performing shipping and receiving tasks. Debtor also employees marketing and retail staff.

12. The Debtor's current employees, consisting of 6 warehouse employees, and 3 clerical, marketing, and management employees, are intimately familiar with the Debtor's business and have the experience and knowledge necessary to continue its day-to-day retail operations efficiently.

13. Debtor believes that retaining its current employees is critical to its post-petition operations going forward.

14. In order to retain the loyalty and continued services of the employees going forward, it is necessary to ensure that employee paychecks likewise continue to be issued and honored going forward. It is further necessary to ensure any amounts which accrued pre-petition are paid in the ordinary course of business.

15. Currently, Debtor estimates that outstanding obligations to employees for their work between June 5, 2023 and June 9, 2022 amounts to $6,849.64 (not including taxes). That amount includes only pre-petition amounts for a total of 9 employees. It is scheduled to be paid on

June 16, 2023. Thus, no employee of Debtor is scheduled to receive an amount which is in excess of the priority limits set forth in 11 U.S.C. § 507(a)(4).

16. Accordingly, Debtor requests this Court's authorization for it to:

(a) Pay all amounts due to employees, which accrued pre-petition since the last payroll payment made in the ordinary course of business; and

(b) Pay any taxes and other withholdings due in connection with such payroll, including any payments due under any employee benefit plan.

17. Debtor will serve this Motion on the United Stated Trustee and Subchapter V Trustee via email and via U.S. Mail, on all others who have made an appearance in these cases, and on all creditors and parties-in-interest in this case.

Respectfully submitted, this 9th day of June, 2023.

**STONE & BAXTER, LLP**
By:

*/s/ R. Braden Copeland*
G. Daniel Taylor
Georgia Bar No. 528521
R. Braden Copeland
Georgia Bar No. 821153

*Proposed Counsel for Debtor*

577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dtaylor@stoneandbaxter.com
bcopeland@stoneandbaxter.com

G:\CLIENTS\Perfectly Priscilla, LLC\First Day Motions\4 - Motion for Order Authorizing Payment of Wages (Final).docx

– 3 –